UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
───────────────────────────────────────────────

NAHSHON JACKSON,

                       Plaintiff,

v.                                          9:10-CV-1484
                                                   (GTS/DEP)

ANN T. PFAU, Chief Admin. Judge, State of New York;
NANCY M. MANGOLD, Dir., Div. of Court Operations;
BENJAMIN STEINBERG, Court Admin.; JOANNE M.
MANN, Chief Clerk, Warren Cnty. Supreme and Cnty.
Courts; ELIZABETH C. YOUNG, Chief Clerk, Seneca
Cnty. Supreme and Cnty. Courts; CHARLES E.
DIAMOND, Chief Clerk, Albany Cnty. Supreme and Cnty.
Courts; BARBARA A. ROESCH, Seneca Cnty. Court
Attorney; DAWN D. DONNELLY, Assoc. Court Clerk;
TED M. WILSON, Law Clerk; ROBERT H.
TEMBECKJIAN, Adm'r, and Counsel for NYS
Comm'n on Judicial Conduct; JEAN M. SAVANYU,
Clerk, NYS Comm'n on Judicial Conduct; BRIAN
FISCHER, Comm'r, Dep't of Corr. Servs.,

                       Defendants.
───────────────────────────────────────────────

APPEARANCES:

NAHSHON JACKSON, 95-A-2578
   Plaintiff, *Pro Se*
Collins Correctional Facility
P.O. Box 340
Collins, New York 14034

HON. GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

      Currently before the Court, in this *pro se* civil rights action filed by Nahshon Jackson

("Plaintiff") against the twelve above-captioned state judicial and correctional employees

("Defendants"), are the following two motions: (1) a motion to vacate the Courts Memorandum-

Decision and Order dated May 12, 2011 ("May Order"), and the accompanying Judgment of that

same date; and (2) a motion to relieve Plaintiff of his obligation to serve this motion to vacate on Defendants. (Dkt. Nos. 11, 13.) For the reasons stated below, both Plaintiff's motion to vacate and his motion to be relieved from his obligation to serve Defendants are denied.

**I.     RELEVANT BACKGROUND**

Plaintiff commenced this action by filing a *pro se* civil rights Complaint, together with an application to proceed *in forma pauperis*, on December 9, 2010. (Dkt. Nos. 1, 2.) Generally, and construed with the utmost of special leniency, Plaintiff's Complaint asserts claims arising from his efforts to pursue various legal proceedings in New York State courts and to seek redress of grievances filed with the New York Department of Corrections and Community Supervision based on his allegation that he "is entitled to immediate release from State prison." (*See generally* Dkt. No. 1.)

In its May Order, the Court denied Plaintiff's application to proceed *in forma pauperis* for two reasons. First, after carefully reviewing Plaintiff's federal court litigation history, the Court determined that at least four of Plaintiff's actions or appeals, prior to the commencement of this action, resulted in "strikes" for purposes of 28 U.S.C. § 1915(g). (Dkt. No. 9 at 4-5.) Second, Plaintiff's Complaint neither alleged facts plausibly suggesting that Plaintiff faced an imminent danger of serious physical injury when he filed this action, nor alleged facts plausibly suggesting that a nexus existed between an alleged serious physical injury and Plaintiff's claims, as required by 28 U.S.C. § 1915(g). (*Id*. at 5.) Following its analysis of Plaintiff's *in forma pauperis* application, the Court then considered the sufficiency of the allegations set forth in Plaintiff's Complaint. (*Id*. at 6-34.)

After setting forth a detailed analysis of Plaintiff's allegations against each defendant, the Court determined that Plaintiff's Complaint was subject to dismissal pursuant to 28 U.S.C. §

1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3).[1] (Dkt. No. 9 at 6-34; Dkt. No. 10.) The Court also noted that, "to the extent that this Decision and Order dismisses any of Plaintiff's claims based solely on his failure to state a claim upon which relief can be granted, the Court finds that granting Plaintiff leave to amend those claims would be futile, due to the substantive nature of the defects contained in them." (Dkt. No. 9 at 34.) Judgment was entered by the Clerk on May 12, 2011, and it was served on Plaintiff by regular mail. (Dkt. No. 10.) Plaintiff did not appeal to the Second Circuit from the May Order and Judgment. (*See generally* Docket Sheet.) On June 10, 2011, Plaintiff filed this motion to vacate pursuant to Fed. R. Civ. P. 60(b). (Dkt. No. 11.)

## II.  RELEVANT LEGAL STANDARD

Rule 60(b) of the Federal Rules of Civil Procedure sets forth six grounds upon which relief from a judgment or order may be granted. Specifically, a court may relieve a party from a judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) for any other reason that justifies relief. *Id*. "Rule 60(b) was intended to preserve the delicate balance between the sanctity of final judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Esposito v. N.Y.*, 07-CV-11612, 2010 WL 4261396, at *1 (S.D.N.Y. Oct. 25, 2010). Rule 60(b)

---

[1] In pertinent part, 28 U.S.C. § 1915(e) requires courts to dismiss a case at any time "if the court determines that . . . the action or appeal . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). (Similarly, 28 U.S.C. § 1915A directs that a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A[b].) Rule 12(h)(3) of the Federal Rules of Civil Procedure states, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

3

of the Federal Rules of Civil Procedure provides "extraordinary judicial relief" which should be granted "only upon a showing of exceptional circumstances." *Barton v. Troy Annual Conf.*, 09-CV-0063, 2011 WL 5325623, at *2 (N.D.N.Y. Nov. 3, 2011) (McAvoy, J.). It may not be used as a substitute for an appeal, and a claim based on legal error alone is inadequate. *Matarese v. LeFevre*, 801 F.2d 98, 107 (2d Cir. 1986).[2]

The standards for motions to vacate under Rule 60(b) are similar to those used for motions to reconsider. *Giarrizzo v. Holder,* 07-CV-0801, 2011 WL 4964945, at *2 (N.D.N.Y. Oct. 19, 2011) (D'Agostino, J.). Generally, a court is justified in reconsidering its previous ruling for the following reasons: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 [2d Cir. 1983], *cert. denied*, 464 U.S. 864 [1983]).

In his motion to vacate, Plaintiff relies on Fed. R. Civ. P. 60(b)(4) and 60(b)(6). (Dkt. No. 11 at 1; Dkt. No. 11, Attach. 1 at 1-2; Dkt. No. 11, Attach. 2 at 3.) Fed. R. Civ. P. 60(b)(4) provides for relief from a judgment that is "void." Fed. R. Civ. P. 60(b)(4). The Supreme Court explained Fed. R. Civ. P. 60(b)(4) in this way:

> Although the term "void" describes a result, rather than the conditions that render a judgment unenforceable, it suffices to say that a void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. . . . The list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule. A judgment is not void, for example, simply because it is or may have been erroneous. . . . Similarly, a motion under Rule 60(b)(4) is not a

---

[2] *See also United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009); *Competex, S.A. v. Labow*, 783 F.2d 333, 335 (2d Cir. 1986).

4

>substitute for a timely appeal. Instead, Rule 60(b)(4) applies only in
>the rare instance where a judgment is premised either on a certain
>type of jurisdictional error or on a violation of due process that
>deprives a party of notice or the opportunity to be heard.

*United Student Aid Funds, Inc. v. Espinosa*, 130 S. Ct. 1367, 1377 (2010) (internal quotation marks and citations omitted).³

The Second Circuit has explained that Fed. R. Civ. P. 60(b)(6) is "a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses." *Transaero, Inc. v. La Fuerza Area Boliviana,* 24 F.3d 457, 461 (2d Cir. 1994). Rule 60(b)(6) of the Federal Rules of Civil Procedure "is properly invoked only when extraordinary circumstances justify relief or when the judgment may work an extreme and undue hardship." *Empresa Cubana Del Tabaco v. General Cigar Co. Inc.*, 385 F. App'x 29, 31 (2d Cir. 2010).⁴

### III.   ANALYSIS

Initially, the Court notes that Plaintiff has not appealed to the Second Circuit from the Court's May Order, and Fed. R. Civ. P. 60(b) is not a substitute for an appeal. *Matarese*, 802 F.2d at 107; *United Airlines, Inc.*, 588 F.3d at 176; *Competex, S.A.*, 783 F.2d at 335. However, out of an extraordinary extension of special solicitude to the Plaintiff as a *pro se* litigant, the Court has reviewed the merits of Plaintiff's motion to vacate pursuant to Fed. R. Civ. P. 60(b)(4) and 60(b)(6) below.

####    A.   Plaintiff's Arguments Pursuant to Fed. R. Civ. P. 60(b)(4)

In support of his motion to vacate pursuant to Fed. R. Civ. P. 60(b)(4), Plaintiff sets forth five arguments. The Court addresses each separately below.

---

³   *See also Grace v. Leumi Trust Co. of N.Y.*, 443 F.3d 180, 190 (2d Cir. 2005); *Graves v. Smith*, 02-CV-6550, 2011 WL 4356083, at *6 (E.D.N.Y. Sept. 16, 2011).

⁴   *See also United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009); *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 59 (2d Cir. 2002); *Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir. 1986).

5

### 1. Plaintiff's Argument that the May Order Contained Elements of Hostility and Prejudice

Plaintiff argues that the May Order contained "elements of hostility and prejudice in a very subtle manner which resulted in a void judgment entered with haste and recklessness." (Dkt. No. 11, Attach. 1 at 4.) As an initial matter, the Court finds that this is not a proper ground for a motion to vacate pursuant to Fed. R. Civ. P. 60(b)(4). *See also Espinosa*, 130 S. Ct. at 1377 (holding that a judgment is void under Fed. R. Civ. P. 60[b][4] only where the judgment is premised on a certain type of jurisdictional error or a deprivation of due process).

In any event, Plaintiff's argument is without merit. Plaintiff has utterly failed to support this argument. Plaintiff failed to provide any examples from the Court's May Order that demonstrate the Court's alleged "hostility and prejudice." (*See generally* Dkt. No. 11, Attach. 1.) Furthermore, Plaintiff failed to provide any legal basis for his argument in the event facts existed to support it. Accordingly, the Court finds that Plaintiff's first argument is without merit.

### 2. Plaintiff's Argument that the May Order Improperly Applied 28 U.S.C. § 1915(g)

Plaintiff next argues that the Court, in its May Order, erred in applying the three strikes provision of 28 U.S.C. § 1915(g). (*Id.* at 2-3.) As an initial matter, the Court finds that this is not a proper ground for a motion to vacate pursuant to Fed. R. Civ. P. 60(b)(4). *See also Espinosa*, 130 S. Ct. at 1377 (holding that a judgment is void under Fed. R. Civ. P. 60[b][4] only where the judgment is premised on a certain type of jurisdictional error or a deprivation of due process). Moreover, "[a] judgment is not void . . . simply because it is or may have been erroneous." *Espinosa*, 130 S. Ct. at 1377.[5]

---

[5] *See also Matarese*, 801 F.2d at 107 (holding that a claim based on legal error alone is inadequate).

In any event, Plaintiff's argument is without merit. Plaintiff argues that the Court should have accepted as true his allegation, made in his Complaint (Dkt. No. 1), that he "is not an inmate under a 25 years to life sentence for conviction of the crimes of murder and robbery." (Dkt. No. 11, Attach. 1 at 2.) In so doing, the Court would have been unable to apply 28 U.S.C. § 1915(g) (the "three strikes" provision) because he would not be a "prisoner" as defined by § 1915(h).[6] (*Id*.) Although it is true that the Court is required to accept all factual allegations as true in a plaintiff's pleadings when considering a dismissal, the Supreme Court has instructed that such tenet "is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). In this case, the well-pleaded facts in the *in forma pauperis* application,[7] inmate authorization form[8] and the Complaint,[9] leave no doubt that Plaintiff is a "prisoner" for purposes of 28 U.S.C. § 1915(g). Accordingly, the Court finds that its application of the three-strikes provision to Plaintiff in its May Order was legally correct, and Plaintiff's argument is without merit.[10]

---

[6] The term "prisoner" is defined in 28 U.S.C. § 1915(h) as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law, or the terms and conditions of parole, probation, pretrial release, or diversionary program."

[7] In response to the question "Are you incarcerated?", Plaintiff checked "Yes." Plaintiff then identified Auburn Correctional Facility as "the place of [his] incarceration." (Dkt. No. 2 at 1.)

[8] Plaintiff submitted an inmate authorization form, required for filing an action in this district, which states in part, "I, Nahshon Jackson, authorize the agency holding me in custody . . . ." (Dkt. No. 4.)

[9] For example, in his Verified Complaint, Plaintiff swears, "Plaintiff Nahshon Jackson who is currently held in the custody of the New York State Department of Correctional Services (DOCS) confined at Auburn Correctional Facility . . . ." (Dkt. No. 1 at 1.)

[10] Plaintiff's claim that he did not receive proper "notice of entry" of the Judgment lacks merit. (Dkt. No. 11, Attach. 1 at 4-5.) "[T]he generally accepted view as to the minimum requirement for a judgment is that [i]t must be a self-contained document, saying who has won

### 3. Plaintiff's Argument that the Judgment Was Not Issued in Accordance with Fed. R. Civ. P. 58(b)

Plaintiff's next argument in support of his motion to vacate is that the Judgment was not properly issued in accordance with Fed. R. Civ. P. 58(b). (Dkt. No. 11, Attach. 1 at 4.) Specifically, Plaintiff argues that, because the Clerk of the Court did not sign the Judgment, the Judgment is void. (*Id*.) As an initial matter, the Court finds that this is not a proper ground for a motion to vacate pursuant to Fed. R. Civ. P. 60(b)(4). *See Espinosa*, 130 S. Ct. at 1377 (holding that a judgment is void under Fed. R. Civ. P. 60(b)(4) only where the judgment is premised on a certain type of jurisdictional error or a deprivation of due process). Moreover, "[a] judgment is not void . . . simply because it is or may have been erroneous." *Espinosa*, 130 S. Ct. at 1377.[11]

In any event, Plaintiff's argument is without merit. Rule 58(b)(1) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[s]ubject to Rule 54(b) and unless the court orders otherwise, the clerk must, without awaiting the court's direction, promptly prepare, sign, and enter the judgment when: . . . (c) the court denies all relief." Fed. R. Civ. 58(b). The Second Circuit has recognized that Fed. R. Civ. P. 58 is "intended merely to pinpoint. . . the commencement of time for filing a notice of appeal." *Leonhard v. U.S.*, 633 F.2d 599, 611 (2d Cir. 1980.) A clerk's failure to sign a judgment does not necessarily make a judgment void. *See Martin-Trigona v. Joel P. Bennett, P.C.*, No. 88-1800, 1989 WL 64126, at *2 (4th Cir. June 12,

---

and what relief has been awarded, but omitting the reasons for this disposition, which should appear in the court's opinion." *Dudley ex rel. Estate of Patton v. Penn-Am. Ins. Co.*, 313 F.3d 662, 670 (2d Cir. 2002) (Sotomayor, J., concurring) (internal quotation marks omitted). In this case, the judgment stated that "plaintiff's complaint is sua sponte **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3)." (Dkt. No. 10 [emphasis in original].) The judgment, therefore, provided Plaintiff adequate notice that his claims and requests for relief were denied and the grounds for their denial.

[11] *See also Matarese*, 801 F.2d at 107 (holding that a claim based on legal error alone is inadequate).

1989) ("[T]he absence of a clerk's signature from a judgment which is approved by the court, as evidenced by the judge's signature, does not undermine the validity of the judgment.").[12]

Similar to *Martin-Trigona*, the Court in this case signed the Memorandum-Decision and Order on May 12, 2011, denying Plaintiff's application for *in forma pauperis* status and dismissing Plaintiff's Complaint. (Dkt. No. 9 at 34.) On the same day, the Deputy Clerk of the Court entered the Judgment pursuant to Fed. R. Civ. P. 58(b) but failed to sign it. (Dkt. No. 10.) The absence of the Clerk's or the Deputy Clerk's signature, however, does not render the Judgment void because it is clear under the circumstances that the Court approved the Judgment with its Memorandum-Decision and Order dated May 12, 2011. (Dkt. No. 9.) Accordingly, the Court finds that Plaintiff's argument that the Judgment is void because it lacked the Clerk of the Court's signature is without merit.

### 4. Plaintiff's Argument that the Court Failed to Address His Request for Declaratory Relief

Plaintiff's fourth argument in support of his claim that the Judgment is void is that the Court failed to address his request for declaratory relief against all defendants. (Dkt. No. 11, Attach. 1 at 6, 7, 8, 10, 11; Dkt. No. 11, Attach. 2 at 5, 9.) As an initial matter, the Court finds that this is not a proper ground for a motion to vacate pursuant to Fed. R. Civ. P. 60(b)(4). *See Espinosa*, 130 S. Ct. at 1377 (holding that a judgment is void under Fed. R. Civ. P. 60[b][4] only where the judgment is premised on a certain type of jurisdictional error or a deprivation of due process). Moreover, "[a] judgment is not void . . . simply because it is or may have been

---

[12] *See also Wyzik v. Employee Ben. Plan of Crane Co.*, 663 F.2d 348, 349 n.* (1st Cir. 1981) ("Appellant incorrectly suggests that a 'technical reading' of Rule 58 always requires a clerk's signature to validate the separate document.").

erroneous." *Espinosa*, 130 S. Ct. at 1377.[13]

In any event, Plaintiff's argument is without merit. In its May Order, the Court painstakingly, and in detail, analyzed each claim set forth in Plaintiff''s Complaint against each defendant and found, for the reasons stated therein, that the allegations failed to state a claim upon which relief may be granted. (Dkt. No. 9 at 12-34.) Accordingly, the Court finds that Plaintiff's argument that it did not consider his request for declaratory relief is without merit.

### 5. Plaintiff's Argument that the Court's Dismissal of His Complaint Violated Due Process

Plaintiff's fifth, and final, argument in support of his claim that the Judgment is void is that the Court's *sua sponte* dismissal of the Complaint deprived Plaintiff of notice and a fair hearing. (Dkt. No. 11, Attach. 1 at 13; Dkt. No. 11, Attach. 2 at 25-28.) This argument is without merit.

As Plaintiff recognized, a court may, pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. §1915A, dismiss a complaint *sua sponte* "at any time" if the court finds the complaint fails to state a claim upon which relief can be granted or if the complaint is frivolous or malicious or if the complaint seeks monetary relief from a defendant who is immune from such relief. (Dkt. No. 11, Attach. 2 at 25-26.) *See also Perez v. Ortiz*, 849 F.2d 793, 797 (2d Cir. 1988) (holding that "*sua sponte* dismissals may be appropriate in some circumstances, particularly in cases involving frivolous *in forma pauperis* complaints. . . ."). Therefore, although Plaintiff disagrees with the Court's *sua sponte* dismissal of his Complaint, it was not a violation of his due process rights.

---

[13] *See also Matarese*, 801 F.2d at 107 (holding that a claim based on legal error alone is inadequate).

## B.     Plaintiff's Arguments Pursuant to Fed. R. Civ. P. 60(b)(6)

Plaintiff next argues, throughout his motion to vacate, that the Court was biased and prejudiced toward Plaintiff and that the Court lacks impartiality. (Dkt. No. 11 at 1; Dkt. No. 11, Attach. 1 at 2, 3, 4, 12; Dkt. No. 11, Attach. 2 at 5, 9, 10, 16, 19, 20, 21, 23, 24.) Liberally construed, this particular argument is intended to be a basis for relief pursuant to Fed. R. Civ. P. 60(b)(6).[14] To succeed on a motion to vacate a judgment pursuant to this catchall provision of Fed. R. Civ. P. 60(b), a party must demonstrate extraordinary circumstances or that the judgment "may work an extreme and undue hardship." *Empresa Cubana Del Tabaco*, 385 F. App'x at 31.[15]

A federal judge must recuse himself in any proceeding where "his impartiality might reasonably be questioned [or] he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . ." 28 U.S.C. § 455. In cases where a judge's impartiality might reasonably be questioned, the issue for consideration is not whether the judge is, in fact, subjectively partial, but whether the objective facts suggest partiality. *Liteky v. United States*, 510 U.S. 540, 548 (1994). The ultimate inquiry is whether "a reasonable person, knowing all the facts, [would] conclude that the trial judge's impartiality could reasonably be questioned." *Hughes v. City of Albany*, 33 F. Supp.2d 152, 153 (N.D.N.Y. 1999) (Kahn, J.). It is well settled that a judicial ruling against a party does not, in and of itself,

---

[14]     Even if Plaintiff meant for the argument that the Court is bias and prejudice towards Plaintiff to be grounds for a motion to vacate pursuant to Fed. R. Civ. P. 60(b)(4), this argument would fail because it is not a proper premise for such a motion. *See Espinosa*, 130 S. Ct. at 1377 (holding that a judgment is void under Fed. R. Civ. P. 60[b][4] only where the judgment is premised on a certain type of jurisdictional error or a deprivation of due process).

[15]     *See also United Airlines, Inc.*, 588 F.3d at 176; *Old Republic Ins. Co.*, 301 F.3d at 59; *Matarese*, 801 F.2d at 106.

constitute a valid basis for a bias or partiality motion; rather the appropriate remedy is an appeal, once a final judgment has been entered. *Liteky*, 510 U.S. at 555 ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . . Almost invariably, [judicial rulings] are proper grounds for appeal, not for recusal.") [citations omitted].

The undersigned has no personal bias against Plaintiff or any interest (pecuniary or otherwise) in this litigation. Plaintiff has not presented any objectively reliable facts that even suggest the contrary. Each of Plaintiff's statements suggesting bias or prejudice by the Court are either conclusory or premised on a ruling made in the May Order. (Dkt. No. 11 at 1; Dkt. No. 11, Attach. 1 at 2, 3, 4, 12; Dkt. No. 11, Attach. 2 at 5, 9, 10, 16, 19, 20, 21, 23, 24.) Neither of these bases are sufficient to demonstrate the Court's alleged objective bias or partiality.

### C. Plaintiff's Motion Requesting to Be Relieved of His Obligation to Serve Defendants

Plaintiff requests that he be relieved of his obligation to serve this motion to vacate pursuant to Fed. R. Civ. P. 60(b) on Defendants. (Dkt. No. 13.) Plaintiff's Complaint, however, was dismissed by the May Order, and therefore, Defendants are no longer parties to this action for purposes of Fed. R. Civ. P. 5. Accordingly, the Court finds that Plaintiff was not required to serve the motion on them; and Plaintiff's motion (Dkt. No. 13) is thus denied as unnecessary.

### D. Possibility of Future Bar Order

In its Decision and Order of May 12, 2011, the Court briefly described Plaintiff's extensive litigation history. (Dkt. No. 9, at 4-5.) Based on that litigation history, as well as the filing of the two motions that are the subject of this Decision and Order, Plaintiff is hereby cautioned that his unwarranted litigiousness is bordering on vexatiousness. Should he continue to file clearly meritless actions, and clearly meritless motions, he will be directed to show cause

as to why the Court should not issue an Order barring him from filing any future *pro se* actions in this Court without prior leave of the Court, pursuant to 28 U.S.C. § 1651(a) and the Court's inherent authority to control and manage its own docket so as to prevent abuse in its proceedings.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for relief from the Judgment (Dkt. No. 11) is **DENIED**; and it is further

**ORDERED** that Plaintiff's motion for relief from the requirement to serve the motion (Dkt. No. 13) is **DENIED** as moot.

Dated: January 10, 2012
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge